*Hill & Alcorn, for appellants.*

*W. O. Bradley, for appellee.*

---

LEONARD FARMER v. PORCH & COOK'S ASSIGNEE.

LEONARD FARMER v. R. M. POMEROY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—933.]

**Proceedings Supplemental to Execution.**

Where a personal judgment has been taken against a debtor and a return made of no property found, in a proceeding thereunder to discover and subject property to the payment of the judgment, it is error for the court to pronounce a second personal judgment.

APPEALS FROM BELL CIRCUIT COURT.

May 29, 1884.

OPINION BY JUDGE PRYOR:

These two cases will be heard together. The conveyance of the property in controversy upon the pretended consideration of $800 was fraudulent as to creditors, and the court below very properly adjudged it liable to their debts. The payment is shown by both parties to the conveyance to have been made in a parol agreement, by which one sold to the other all his interest in his father's estate, the father then living, and the parties valuing the expectant interest at the sum inserted in the deed.

The only objection to the proceeding is that the present actions were instituted on return of "no property found," and when the chancellor undertook to subject the property he also rendered a personal judgment in each case.

Judgment at law had already been rendered, and was the basis of the proceeding in equity, and therefore another judgment purely personal was giving to the appellees two judgments for the same debt. An execution might issue on either. For this reason the personal judgment in the equity cases is *reversed,* and the judgment subjecting the property is left undisturbed, and is *affirmed.* On the return of the cause, the court below will enter an order setting aside the judgment in personam in each equity action and this will end the controversy in other respects. The judgment in each case is *affirmed.*

*L. Farmer, W. G. Colson, J. & J. W. Rodman, for appellant.*